USDC SCAN INDEX SHEET

R1R 6/8/05 13:22

3:05-CV-00832 MCNEAL V. PEOPLE OF THE STATE

*3*

*O.*

FILED
05 JUN -8 AM 9:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN STEVEN McNEAL, Petitioner, vs. PEOPLE OF THE STATE OF CALIFORNIA, Respondent. | CASE NO. 05-CV-832 H (AJB) **Order Granting Motion to Proceed *In Forma Pauperis*; Dismissing Action Without Prejudice for Failure to State a Claim** |

On April 19, 2005, Plaintiff Brian Steven McNeal, proceeding *pro se*, commenced this action against Defendant People of the State of California. Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP but sua sponte **DISMISSES** his suit for failure to state a claim.

**Discussion**

**I. Motion to Proceed IFP**

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiff submits a declaration of his assets that indicates that he does satisfy the

3

ENTERED ON 6/8/05

requirements under § 1915(a). Plaintiff represents that he has been unemployed since June of 2003 and receives no income from other sources. Plaintiff has no savings or assets. On this basis, the Court concludes that Plaintiff meets the requirements to proceed IFP and GRANTS his request.

**II. Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his or her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bautista v. Los Angeles County, 216 F.3d 837, 842 (9th Cir. 2000). Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Courts grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

In his Complaint, Plaintiff has failed to assert a legal theory on which he could be entitled to relief. Plaintiff has not alleged any violation of federal law, and has not

presented sufficient facts or allegations to support the claims set forth in his complaint. In his attached affidavit, Plaintiff lists numerous additional claims, but does not specify against whom those claims are asserted and any facts in support thereof. Accordingly, Plaintiff has failed to state a claim for relief.

**Conclusion**

For the reasons set forth above, the Court GRANTS Plaintiff's motion to proceed IFP but sua sponte DISMISSES without prejudice the Complaint for failure to state a claim. The Court GRANTS Plaintiff 45 days from the date this Order is stamped "Filed" to file an amended complaint that addresses the deficiencies of pleading set forth above. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading in accordance with Southern District of California Local Civil Rule 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

Dated: 6/7/05

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPY TO:

Brian Steven McNeal
1173 Front Street
San Diego, CA 92101

////

////

////

////

////

////